FILED'10 MAY 11 16:12 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PAUL TOPPING,

    Plaintiff,

    v.

WILSHIRE CREDIT CORPORATION,

    Defendant.

Civil No. 09-31-JE

ORDER

HAGGERTY, District Judge:

    Magistrate Judge Jelderks issued a Findings and Recommendation [47] in this action that recommends granting defendant's Motion for Summary Judgment [19], granting in part defendant's Motion to Strike [40], and denying plaintiff's Motion to Strike [45]. The Magistrate Judge recommends entering Judgment dismissing this action with prejudice.

    Plaintiff filed timely objections to the Findings and Recommendation, and the matter was then referred to this court. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the

1 -- ORDER

Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, and the entire Record. For the following reasons, the objections are overruled and defendant's Motion for Summary Judgment is granted.

## BACKGROUND

Magistrate Judge Jelderks provided a thorough analysis of the facts presented, and this analysis need only be summarized here. Plaintiff brought claims against his former employer under Oregon statutes for discrimination based upon his sexual orientation. The Magistrate Judge noted that the parties did not dispute that the question presented before the court was whether plaintiff "has shown the existence of evidence from which a reasonable trier of fact could conclude that he was subjected to unlawful discrimination based upon his sexual orientation between January 1,2008, and February 8, 2008, the last day he was employed by defendant Wilshire." Findings and Recommendation at 16.

## SUMMARY

The Findings and Recommendation carefully reviewed the relevant statutes, the parties' arguments, and the record. It correctly concluded that plaintiff is unable to establish a *prima facie* case of disparate discriminatory treatment because he cannot establish that he was subjected to any adverse employment actions after January 1, 2008.

Plaintiff produced no evidence supporting a conclusion that he was subjected to any adverse employment action during any time while he worked for defendant. The record

2 -- ORDER

establishes that plaintiff received an exemplary performance evaluation, a pay increase, and a bonus that was comparable to that received by his peers. He was never suspended, demoted, transferred, stripped of important responsibilities, provided fewer travel opportunities, or reassigned to a position of lesser status or lesser possibility of advancement. His failure to be given a promotion he sought in September 2007 falls short of qualifying as an adverse employment action because a reasonable trier of fact would not conclude that plaintiff was qualified for the position, or that the job requirements were altered to deprive plaintiff of the promotion, or that unlawful discrimination played a part in the promotion decision. The promotion position was filled after plaintiff resigned from his job, and the successful candidate had loss mitigation and call center experience that defendant desired and that plaintiff lacked.

Plaintiff also revisits a number of arguments pertaining to defendant's conduct and plaintiff's experiences before January 2008. Assuming without deciding that this evidence were relevant in this case, the Magistrate Judge considered such evidence and properly concluded that plaintiff suffered no adverse employment action. Findings and Recommendation at 19-22.

**OBJECTIONS**

Plaintiff argues that the Magistrate Judge erred by asserting during oral argument that he was going to ignore both parties' motions to strike, and then subsequently granting defendant's motion in part. Plaintiff renews arguments in support of his motion to strike, asserting that defendant's Concise Statement of Facts violated this court's Local Rules regarding page limits, enumeration of facts, spacing, and font size.

Plaintiff also complains that defendant's Motion to Strike should not have been partially granted, because defendant failed to adequately confer with opposing counsel before advancing

3 -- ORDER

the motion, and because the Magistrate Judge insufficiently evaluated plaintiff's challenged Declaration and his Response to Defendant's Concise Statement of Facts.

Finally, plaintiff objects to the conclusion that defendant's summary judgment motion should be granted. All of plaintiff's arguments have been considered. They are rejected.

**ANALYSIS**

The Findings and Recommendation is sound and correctly reasoned. The objections compel only brief analysis.

The complaints about the respective motions to strike are without merit. The Magistrate Judge exercised proper discretion in determining that defendant's submissions warranted consideration despite plaintiff's challenges regarding spacing and font size.

Similarly, even if plaintiff's objections regarding the Findings and Recommendation's evaluation of plaintiff's Declaration and his Response to Defendant's Concise Statement were well-founded, the Magistrate Judge explicitly considered all of plaintiff's assertions that were supported by admissible evidence. Notwithstanding that many objections by defendant to plaintiff's Declaration were well-taken, the Magistrate Judge noted that defendant's summary judgment motion should prevail even if no portion of the Declaration was stricken. Findings and Recommendation at 15. Therefore, plaintiff's renewed objections regarding the motions to strike are not only unpersuasive, they are moot.

Finally, plaintiff's myriad objections regarding the summary judgment motion relate either to allegations of conduct occurring before January 1, 2008, or fail to suggest or establish that plaintiff suffered an adverse employment action after that date. The Findings and Recommendation correctly concluded that plaintiff has no statutory cause of action for

4 -- ORDER

discrimination or retaliation involving conduct before January 1, 2008. None of plaintiff's subsequent objections suggest that there is a basis for finding that material issues of fact might exist regarding whether (1) plaintiff suffered an adverse employment action at any point of his employment with defendant, or (2) there are any grounds for concluding that plaintiff was treated less favorably than other similarly situated employees who were not gay. Moreover, the Magistrate Judge concluded correctly that plaintiff produced insufficient evidence to cast any doubt upon the legitimacy of the reasons proffered by defendant for the actions undertaken by defendant that are the subject of plaintiff's suit and plaintiff's objections to the Findings and Recommendation. Findings and Recommendation 24-25.

**CONCLUSION**

Plaintiff's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue. The Objections [49] are overruled. The Findings and Recommendation [47] is sound and is adopted in its entirety. Defendant's Motion for Summary Judgment [19] is granted. Defendant's Motion to Strike [40] is granted in part, and plaintiff's Motion to Strike [45] is denied. Any other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 11 day of May, 2010.

Ancer L. Haggerty
United States District Judge